## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW HAMPSHIRE

AARON ROSS DAY,
    Plaintiff,

v.

DAVID M. SCANLAN, in his official
capacity as New Hampshire Secretary
of State,
    Defendant.

Civil Action No. _____

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Introduction

1. This is a civil rights action under 42 U.S.C. § 1983. Plaintiff Aaron Ross Day is a candidate for United States Senator from New Hampshire in the November 3, 2026 general election. The Secretary of State has twice refused to accept his Declaration of Intent under N.H. RSA 655:17-a, solely on the ground that Mr. Day was not, or was not yet finally processed as, a registered voter in the ward where he is domiciled. The effect of the Secretary's interpretation is that a New Hampshire municipal board's meeting calendar, a calendar no candidate controls, becomes the de facto gatekeeper of federal candidacy, in violation of a constitutional provision the Framers made exclusive and self-executing. See U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 806 (1995).

2. The United States Constitution fixes the only qualifications for United States Senator: a Senator must be at least thirty years old, nine years a citizen of the United States, and, "when elected," an "Inhabitant of that State for which he shall be chosen." U.S. Const. art. I, § 3, cl. 3. States may not add to these qualifications. U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 806 (1995). Voter registration is not among them. Every federal court to consider a state

1

requirement that candidates for Congress be registered voters or pre-election residents has struck it down. No court has upheld one.

3.    Plaintiff seeks a declaration that RSA 655:17-a's registered-voter requirement is unconstitutional as applied to candidates for United States Senator, and an injunction directing the Secretary of State to accept his Declaration of Intent and to process his candidacy on equal terms with all other candidates.

**Jurisdiction and Venue**

4.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights). Plaintiff's claims arise under the Constitution of the United States and 42 U.S.C. § 1983.

5.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6.  Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant performs his official duties in Concord, New Hampshire, and all events giving rise to the claims occurred in this District.

7.    The suit is proper under Ex parte Young, 209 U.S. 123 (1908): it seeks prospective declaratory and injunctive relief against a state officer in his official capacity for ongoing violations of federal law. No damages are sought.

**Parties**

8.  Plaintiff Aaron Ross Day is a citizen of the United States and of New Hampshire, domiciled in Ward 3 in the City of Nashua, Hillsborough County, New Hampshire. He is over thirty years of age and has been a citizen of the United States for more than nine years. He intends to be, when elected, an inhabitant of New Hampshire. He satisfies every qualification for United States Senator fixed by Article I, Section 3, Clause 3 of the United States Constitution.

2

9. Defendant David M. Scanlan is the New Hampshire Secretary of State. He is the chief election officer of the State and is responsible for accepting or rejecting declarations of intent and declarations of candidacy, and for certifying candidates to the general election ballot. He is sued in his official capacity only.

## Facts

### The statutory scheme

10. A candidate who seeks a place on the New Hampshire general election ballot by nomination papers, rather than through a party primary, must file a Declaration of Intent during the statutory filing period. RSA 655:17-a; RSA 655:14-a. In 2026, that period ran from June 3 through June 12. The candidate must then submit nomination papers signed by 3,000 registered voters, at least 1,500 from each congressional district, to local officials by August 5, 2026, and certified papers must reach the Secretary of State by September 2, 2026. RSA 655:42; RSA 655:43.

11. The Declaration of Intent form prescribed by RSA 655:17-a requires the declarant to state that he is domiciled in a specified ward and "am a registered voter herein."

12. The Secretary of State's own published guidance, the "Qualifications for Office" page at sos.nh.gov, correctly recites the constitutional rule. For United States Senator it lists only: "at least 30 years of age, a United States Citizen for at least 9 years, and when elected, be an inhabitant of New Hampshire (Article 1, section 3 of the Federal Constitution)." It lists no voter-registration requirement for United States Senator, while expressly listing one for Governor, Executive Councilor, State Senator, State Representative, and County Officer, offices whose qualifications are set by state law.

### Plaintiff's filings and the Secretary's rejections

13. Plaintiff has been a registered New Hampshire voter without interruption at all relevant times. Before June 11, 2026, he was registered in Bedford, New Hampshire, his prior domicile.

3

14. On June 10, 2026, Plaintiff filed a Declaration of Intent for United States Senate at the Secretary of State's office and paid the $100 filing fee required by RSA 655:19-c.

15. On June 11, 2026, Deputy Secretary of State Brendan A. O'Donnell rejected the June 10 declaration by email, stating that it "does not conform to state law because you are not registered to vote in Nashua Ward 3, where you are domiciled," citing RSA 655:17-a. The email asserted that "June 2, 2026, was the last day for you to register as a voter at your current domicile prior to the opening of the candidate filing period on June 3," relying on RSA 654:32.

16. RSA 654:32 does not impose any such deadline. By its terms, it schedules a supervisors-of-the-checklist session "for the change of registration of legal voters as provided in RSA 654:34 or 654:34-a," provisions that govern changes of party affiliation. The Secretary of State's own official account on the platform X posted on June 2, 2026: "The deadline to change party affiliation is Today," identifying June 2 solely as the party-affiliation deadline for the September 8 primary. A true copy of that post is filed with Plaintiff's contemporaneous declaration.

17. On June 11, 2026, the same day as the first rejection, Plaintiff cured the asserted defect. He submitted a complete voter registration application to the City of Nashua transferring his registration from Bedford to Nashua Ward 3. The City accepted the application and assigned him Voter ID 300205248 with an add date of June 11, 2026.

18. On June 12, 2026, within the statutory filing period, Plaintiff returned to the Secretary of State's office in person, filed a new Declaration of Intent, paid the filing fee again, and provided the City's registration documentation together with a letter explaining the cure. Plaintiff has paid the $100 statutory filing fee on both occasions, totaling $200, which Defendant has retained notwithstanding both rejections.

19. The same day, the Deputy Secretary of State rejected the second declaration by email, on a new theory: that although "a person may complete a voter registration form after the candidate

4

filing period opens, they will not become a registered voter until the supervisors subsequently meet and approve the registration," citing RSA 654:8 through 654:13, and that Plaintiff's registration "remains pending" in the statewide voter registration database. The June 12 rejection did not invoke RSA 654:32, the statutory basis cited in the June 11 rejection, but instead advanced a new and distinct legal theory, demonstrating that the Secretary's stated justifications shifted between the two rejections.

20. The City of Nashua's Board of Registrars, which serves as its supervisors of the checklist under RSA 652:15, met on June 2, 2026. Its meetings of record over the preceding year were held on August 25, 2025; October 23, 2025; February 4, 2026; April 29, 2026; and June 2, 2026, at intervals ranging from approximately five weeks to three and one-half months. As of the date of this Complaint, no further meeting was scheduled, and Plaintiff has identified no meeting of the Board scheduled before the August 5, 2026 nomination-paper submission deadline. A true copy of the Board's meeting history is filed with Plaintiff's contemporaneous declaration.

21. No provision of New Hampshire law afforded Plaintiff a means to compel the Nashua supervisors of the checklist to convene, or otherwise to perfect his pending registration, before the deadlines governing his candidacy. The asserted cure thus lay entirely outside his control.

22. Under the Secretary's stated position, no person who moved to Nashua after June 2, 2026 could become a candidate for United States Senate in 2026, no matter what steps he took, because eligibility would turn entirely on the municipal board's meeting calendar. The same is true in every other New Hampshire municipality, each with its own calendar.

23. On June 12, 2026, Plaintiff timely appealed the rejection to the New Hampshire Ballot Law Commission under RSA 665:7, and requested an expedited hearing. As of the date of this Complaint, the Commission has neither scheduled a hearing nor issued a decision.

24. The pendency of that appeal does not warrant abstention. Younger abstention is confined to three classes of cases: state criminal prosecutions, civil enforcement proceedings akin to criminal prosecutions, and civil proceedings involving orders uniquely in furtherance of the state courts' ability to perform their judicial functions. Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 77-78 (2013). The Ballot Law Commission proceeding is none of these. The Commission has no authority under RSA chapter 665 to declare RSA 655:17-a unconstitutional or to grant relief on federal constitutional grounds; its function is limited to whether the Secretary correctly applied state law. Because Younger presupposes "the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved," Gibson v. Berryhill, 411 U.S. 564, 577 (1973), and the Commission is not a tribunal competent to decide those issues, see Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982), abstention is inappropriate. Abstention under Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 499-501 (1941), is likewise unwarranted, because RSA 655:17-a is not ambiguous and the Secretary has confirmed in writing how he construes and enforces it, leaving no unsettled question of state law whose resolution could avoid or alter the federal question.

25. Plaintiff is collecting nomination-paper signatures now. Unless the Secretary accepts his Declaration of Intent, his signatures, his candidacy, and the votes of New Hampshire electors who wish to support him will be nullified. The loss is irreparable: once the nomination-paper window closes and ballots are printed, no remedy can restore his place on the 2026 ballot.

**Count I — Violation of the Qualifications Clause, U.S. Const. art. I, § 3, cl. 3 (42 U.S.C. § 1983)**

26. Plaintiff incorporates paragraphs 1 through 25.

27. The Qualifications Clauses fix the exclusive qualifications for membership in Congress. States have no power "to change, add to, or diminish" them. U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 806 (1995); Powell v. McCormack, 395 U.S. 486, 547 (1969). A State

6

may not "evade the Qualifications Clauses by dress[ing] eligibility to stand for Congress in ballot access clothing." Thornton, 514 U.S. at 831.

28. The Constitution requires that a Senator be an inhabitant of the State only "when elected." A State therefore may not require state residency, ward-level domicile registration, or voter registration at the time of filing, months before the election. Texas Democratic Party v. Benkiser, 459 F.3d 582, 589 (5th Cir. 2006); Schaefer v. Townsend, 215 F.3d 1031, 1037, 1039 (9th Cir. 2000); Campbell v. Davidson, 233 F.3d 1229, 1235 (10th Cir. 2000) ("the requirement of registration is a substantive requirement that impermissibly imposes qualifications upon would-be candidates"); Dillon v. Fiorina, 340 F. Supp. 729, 731 (D.N.M. 1972) (three-judge court) (striking such a scheme as applied to a candidate for United States Senator).

29. RSA 655:17-a's requirement that a candidate for United States Senator be "a registered voter" in the ward of his domicile, as applied and enforced by the Defendant, including the Defendant's further requirements that the registration have been completed before the filing period opened and that it have been finally approved by municipal supervisors of the checklist, imposes qualifications for the office of United States Senator beyond those fixed by Article I, Section 3, Clause 3, and is unconstitutional as applied to Plaintiff.

30. In the alternative, RSA 655:17-a is unconstitutional on its face as applied to any candidate for United States Senator, because no voter-registration requirement for that office can survive the Qualifications Clause, regardless of the circumstances of any individual candidate.

31. Defendant's refusal to accept Plaintiff's Declaration of Intent, under color of state law, deprives Plaintiff of rights secured by the Constitution, in violation of 42 U.S.C. § 1983.

**Count II — Violation of the First and Fourteenth Amendments (Anderson-Burdick) (42 U.S.C. § 1983)**

32. Plaintiff incorporates paragraphs 1 through 31.

33. State regulations that burden the rights of candidates and voters to access the ballot are evaluated under the framework of Anderson v. Celebrezze, 460 U.S. 780, 788-89 (1983), and Burdick v. Takushi, 504 U.S. 428, 434 (1992), which the First Circuit applies to New Hampshire ballot-access restrictions. Libertarian Party of New Hampshire v. Gardner, 843 F.3d 20, 23-26 (1st Cir. 2016); Libertarian Party of Maine v. Diamond, 992 F.2d 365, 371 (1st Cir. 1993). A severe burden must be narrowly tailored to a compelling state interest.

34. As enforced by Defendant, RSA 655:17-a operates as an absolute bar to candidacy for any otherwise qualified person whose intrastate change of domicile occurred after the last pre-filing-period meeting of his municipality's supervisors of the checklist. The bar turns on the happenstance of municipal meeting calendars, varies from town to town, cannot be cured by any act of the candidate, and excludes the candidate completely from the ballot. That is a severe burden.

35. At all times relevant to this action, Plaintiff was a registered voter in the State of New Hampshire. His prior registration was held in Bedford; on June 11, 2026, within the statutory filing period, he completed a registration transfer to Nashua Ward 3, which the City accepted and assigned Voter ID 300205248. At no time was Plaintiff unregistered in New Hampshire. The Secretary's objection is not that Plaintiff lacks any registration, but that his intrastate transfer had not yet been ratified by a municipal board whose meeting schedule is beyond any candidate's control. The State's interests in verifying identity and domicile were fully served, and the burden serves no legitimate state interest, let alone a compelling one.

36. Defendant's enforcement of the requirement, under color of state law, violates the First and Fourteenth Amendments and 42 U.S.C. § 1983.

**Count III — Supremacy Clause and Equal Protection (42 U.S.C. § 1983)**
37. Plaintiff incorporates paragraphs 1 through 36.

38. RSA 655:17-a's registered-voter requirement, as applied to candidates for United States Senator, is preempted by Article I, Section 3, Clause 3 and the Supremacy Clause, U.S. Const. art. VI, cl. 2, because it imposes a qualification for federal office beyond those the Constitution makes exclusive. The Secretary's own "Qualifications for Office" guidance reflects the distinction, listing a voter-registration requirement for every state office but none for United States Senator. A State may not apply to a federal candidate, under color of a generally worded statute, a requirement the Supremacy Clause forbids it to impose. Thornton, 514 U.S. at 831.

39. In the alternative, by treating candidates for United States Senator identically to candidates for state office for voter-registration purposes, when the Constitution forbids that requirement only as to the former, Defendant intentionally subjects Plaintiff to a requirement with no rational basis as applied to him, in violation of the Equal Protection Clause of the Fourteenth Amendment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

40. Defendant's conduct, under color of state law, deprives Plaintiff of rights secured by the Constitution, in violation of 42 U.S.C. § 1983.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the registered-voter requirement of RSA 655:17-a, as applied to candidates for United States Senator, violates Article I, Section 3, Clause 3 of the United States Constitution, the First and Fourteenth Amendments, and the Supremacy Clause;

B. Enter a temporary restraining order, a preliminary injunction, and a permanent injunction directing Defendant to accept Plaintiff's June 12, 2026 Declaration of Intent for the office of United States Senator, to treat it as timely filed within the June 3 through 12, 2026 filing period, and to process Plaintiff's candidacy and nomination papers on equal terms with all other candidates;

9

C.  Enjoin Defendant from rejecting Plaintiff's nomination papers or excluding Plaintiff from the November 3, 2026 general election ballot on the basis of the registered-voter requirement;

D.  Award Plaintiff his costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920; and

E.  Grant such other and further relief as the Court deems just and proper.

**Verification**

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the factual allegations of this Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on ___6/16___, 2026, at Nashua, New Hampshire.

Aaron Ross Day, Pro Se
34 Franklin St, Ste 325
Nashua, NH 03064
(617) 669-2187
ard@day2026.com