**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| AARON ROSS DAY,<br>Plaintiff,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br><br>Defendant. | Civil Action No.<br>1:26-cv-00499-LM-AJ |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiff's Emergency Motion for a Temporary Restraining Order, the Verified Complaint, the Declaration of Aaron Ross Day and Exhibits 1 through 9, and the record, the Court finds that Plaintiff has shown a likelihood of success on the merits, including that the Secretary's rejection of Plaintiff's Declaration of Intent rested on requirements that do not appear in New Hampshire law, that the rejection denies equal protection, and that the registered-voter requirement of N.H. RSA 655:17-a, as applied to candidates for United States Senator, violates Article I, Section 3, Clause 3 of the United States Constitution; that Plaintiff will suffer irreparable harm absent relief; that the balance of equities favors Plaintiff; and that relief is in the public interest.

Accordingly, it is ORDERED:

1. Defendant David M. Scanlan, in his official capacity as New Hampshire Secretary of State, and his officers, agents, and employees, are ENJOINED from applying to Plaintiff's June 12, 2026 Declaration of Intent for the office of United States Senator any requirement, absent from RSA 655:17-a, that Plaintiff's voter registration be approved by the supervisors of the checklist before the Declaration may be accepted, and from treating that Declaration as anything other than timely filed within the filing period established by

RSA 655:14 and RSA 655:14-a.

2. To give effect to Paragraph 1, Defendant shall, within twenty-four hours of this Order, accept and docket Plaintiff's June 12, 2026 Declaration of Intent as timely filed and shall process it and issue nomination-paper materials to Plaintiff on the same terms as Declarations of Intent filed by other candidates for the office of United States Senator, preserving any later statutory objection not inconsistent with this Order, pending hearing on Plaintiff's Motion for Preliminary Injunction.

3. No security is required under Fed. R. Civ. P. 65(c).

4. A hearing on Plaintiff's motion for a preliminary injunction is set for ________, 2026, at ________. This Order shall remain in effect until that hearing or further order of the Court.

SO ORDERED.

Dated: ________, 2026

______________________________

United States District Judge