**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
************************************
Aaron Ross Day                      *
                                    *
            Plaintiff,              *
     v.                             *        Civil No. 1:26-CV-00499-LM-AJ
                                    *
David M. Scanlan (Official Capacity), *
                                    *
            Defendants.             *
                                    *
************************************
```

**DEFENDANT'S NOTICE OF STIPULATIONS**

The Defendant, New Hampshire Secretary of State David M. Scanlan, by and through their counsel, the New Hampshire Office of the Attorney General, provides notice to this Court notice of any facts in Aaron Day's ("Plaintiff") to which Defendant will stipulate, as requested by the Court at the July 6, 2026, case management conference, stating as follows:

1.      On July 6, a case management conference was held in this case. At the hearing, the Court raised the question of whether fact discovery in this case is required or whether it can proceed on the papers. To help inform that question, the Court ordered Defendant to provide this Court, by July 9, 2026, with a filing stating what, if any, facts alleged in Plaintiff's complaint could be stipulated to. Defendant now write to provide those stipulations.

2.      As a preliminary matter, Defendant notes that while Plaintiff's fact section of his complaint is largely factual, it also contains some legal conclusions. Defendant will not stipulate to any legal conclusions. However, Defendants believe that disagreements over legal conclusions could be resolved through motion practice and would not require fact discovery or an evidentiary hearing.

3.      To provide clarity as to what Defendant will stipulate to and what Defendant views as a legal conclusion, Defendant will now address each paragraph in the facts section of Plaintiff's complaint, mirroring the paragraph numbers used in the complaint:

10. Defendant will stipulate to this paragraph.

11. Defendant will stipulate that the declaration of intent form provides: "I

_____ (print name as it should appear on ballot – RSA

655:14-b) declare that I am domiciled in Ward __, in the city (or town or

unincorporated place) of _____, county of _____ state of New

Hampshire, and am a registered voter herein."

12. Defendant will stipulate to this paragraph, but for the claim that the

qualifications for office page "correctly recites the constitutional rule," as

that is a legal conclusion.

13. Defendant will not stipulate to the first sentence in this paragraph.

Defendant will stipulate that the Plaintiff was a registered voter in Bedford

prior to June of 2026. Defendant would further stipulate that on June 2,

2026, the Bedford Supervisors of the Checklist through the annual

verification began the process of removing Mr. Day from the checklist

because he failed to reregister by voting in an election in the prior five

years.  *See* RSA 654:39.

14. Defendant will stipulate to this paragraph.

15. Defendant will stipulate to this paragraph.

16. Defendant will stipulate to this paragraph.

17. Defendant will stipulate that on June 11, 2026, Mr. Day completed a voter registration form and submitted that form to the Nashua City Clerk's Office. The Defendant will not stipulate to the remaining allegations set forth in this paragraph. By way of further explanation, submitting a voter registration form to a municipal clerk is just a step toward becoming a registered voter in that municipality. No such person will become a registered voter unless and until the supervisors of the checklist in a public meeting review the application and rule that the applicant is qualified to register to vote. *See* RSA 654:8 (authorizing a person to "apply" to the clerk to be registered in that municipality); RSA 654:9 (requiring the clerk to forward all such forms to the supervisors for their next meeting); RSA 654:13 (requiring supervisors to act on all voter registration applications after determining if the applicant is qualified under RSA 654:12). Consistent with these statutes, the top right of Mr. Day's voter registration from June 11 stated: "Voter Status: PENDING" (emphasis in original). On June 12, 2026, Deputy O'Donnell spoke with Nashua City Clerk Daniel Healy and confirmed that: (i) Mr. Day had submitted a voter registration application on June 11, 2026; (ii) Nashua's Board of Registrars (supervisors of the checklist) had not acted on Mr. Day's application; and (iii) Mr. Day's application status remained pending.

18. The Defendant will stipulate that on June 12, 2026, Mr. Day completed a new declaration of intent, paid a second $100 filing fee, and provided supporting documentation that he believed satisfied the requirements of

- 3 -

RSA 655:17-a.  The Defendant will not stipulate to the remaining allegations of paragraph 18. By way of further explanation, the Secretary of State's Office informed Mr. Day on June 11 that because his initial declaration had been denied, the Secretary of State's Office would issue a refund of his $100 filing fee.  On June 12, Mr. Day refused to allow the Secretary of State's Office to apply that initial $100 as the filing fee for his second declaration, and he insisted on paying an additional $100.  The Secretary of State's Office informed Mr. Day on June 12 that because his second declaration had been denied, the Secretary of State's Office would also issue a refund of the second $100 filing fee.

19. The Defendant will stipulate that this paragraph correctly quotes a portion of Deputy O'Donnell's June 12, 2026, e-mail to Mr. Day. The Defendant denies the remaining allegations set forth in this paragraph. By way of further explanation, Deputy O'Donnell's June 11 and June 12 e-mails provided the exact same reason that the Secretary of State's Office could not lawfully accept Mr. Day's declarations:

> From the June 11 e-mail: "Please be advised, *your declaration does not conform to state law* because you are not registered to vote in Nashua Ward 3, where you are domiciled.  See RSA 655:17-a.  Accordingly, *the Secretary of State's Office cannot accept your declaration.*"

> From the June 12 e-mail: "Please be advised, *your declaration does not conform to state law* because you are not registered to vote in Nashua Ward 3, where you are domiciled.  See RSA 655:17-a.  Accordingly, *the Secretary of State's Office cannot accept your declaration.*"

20. Defendant will stipulate that the Nashua Board of Registrars met on June 2, 2026, and acted on all pending voter registration applications, as

- 4 -

required by state law.  Upon information and belief, the Defendant further admits that the Nashua Board of Registrars did not subsequently meet between June 3 and June 12, 2026.

21. Defendant will not stipulate to this paragraph as it contains only legal conclusions.

22. Defendant will not stipulate to this paragraph as it contains only legal conclusions.

23. Defendant will stipulate to this paragraph. Defendant would additionally stipulate that the Ballot Law Commission held a hearing on June 29, 2026. Defendant would stipulate that, in advance of the hearing, Mr. Day submitted extensive pleadings in support of his claim that he had followed all necessary procedures to have his declaration of intent accepted.  Defendant would stipulate that Mr. Day was afforded an opportunity to present his case at that June 29 hearing. Defendant would stipulate that the Ballot Law Commission voted 4:1 to uphold the Secretary of State's Office's decision not to accept Mr. Day's declaration of intent, and a written decision was issued on July 1, 2026.  Defendant would stipulate that the Ballot Law Commission's written decision relied in part on the fact that Mr. Day was "extremely knowledgeable about New Hampshire election laws," evidenced by his prior New Hampshire candidacies and prior appearances before the Ballot Law Commission.

24. Defendant will not stipulate to this paragraph as it contains only legal conclusions.

25. Defendant will not stipulate to this paragraph as it contains only legal conclusions.

4.    In light of the above stipulations, Defendant believes that there is sufficient factual agreement between the parties to proceed without fact discovery and to resolve this matter through motion practice.

Respectfully submitted,

David M. Scanlan
New Hampshire Secretary of State

Through counsel,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: July 9, 2026

/s/ Peter M. MacKenna
Peter M. MacKenna, Bar #269543
Assistant Attorney General
N.H. Department of Justice (Civil Bureau)
1 Granite Place - South
Concord, NH 03301
603-271-3650
peter.m.mackenna@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a copy of the foregoing was served to parties of record via the Court's electronic filing system. I further certify that a copy of the foregoing was sent by regular mail to the Plaintiff at the address he listed in his complaint: Aaron Ross Day, 34 Franklin Stree, Suite 325, Nashua, NH 03064.

/s/ Peter M. MacKenna
Peter M. MacKenna

- 6 -