**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| Aaron Ross Day<br><br>Plaintiff,<br>v.<br><br>David M. Scanlan (Official Capacity),<br><br>Defendants. | * | Civil No. 1:26-CV-00499-LM-AJ |

**DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Defendant, New Hampshire Secretary of State David M. Scanlan, by and through his counsel, the New Hampshire Office of the Attorney General, hereby objects to the Magistrate Judge's Report and Recommendation on Plaintiff Aaron Ross Day's Motion for Preliminary Injunction, stating as follows:

**FACTS**

1. Plaintiff filed the originating complaint with this Court on June 16, 2026, claiming that he has been unconstitutionally kept off of the New Hampshire ballot as a United States Senate candidate for the November 2026 election. *See* ECF Doc. No. 1, ¶1. On June 30, 2026, Plaintiff filed a motion for a preliminary injunction asking this court to order the Secretary of State to accept a Declaration of Intent for United States Senator and to process his candidacy and nomination papers as they would be for other candidates. *See* ECF Doc. No. 6-1, pg. 11. On July 13, the State filed an objection to Plaintiff's motion. See ECF Doc. No. 10.

2. On July 15, the Court held a hearing on Plaintiff's motion for a preliminary injunction. On August 13, the magistrate judge issued a report and recommendation that

recommended Plaintiff's motion for a preliminary injunction be granted. The State now objects to that report and recommendation.

3. Plaintiff is a candidate for United States Senate for the State of New Hampshire in the upcoming November 3, 2026, election. *See* ECF Doc. No. 1, ¶1. On June 10, 2026, he submitted a Declaration of Intent for United States Senate to the Secretary of State's office, seeking to get his name on the ballot for the November 2026 election. *See* ECF Doc. No. 1, ¶14. On June 11, 2026, Deputy Secretary of State Brendan A. O'Donnell notified Plaintiff by email that his declaration was rejected as Plaintiff was not registered to vote in Nashua Ward 3, where Plaintiff is domiciled. *See* ECF Doc. No. 1, ¶15.

4. On June 11, 2026, after receiving the e-mail from Brendan O'Donnell, Plaintiff submitted a voter registration application to the City of Nashua. *See* ECF Doc. No. 1, ¶17. On June 12, 2026, Plaintiff submitted a second Declaration of Intent form to the Secretary of State's office. Later that day, June 12, 2026, Deputy Secretary of State Brendan A. O'Donnell emailed Plaintiff and again informed him that his declaration was rejected because he is not a registered voter in Nashua Ward 3, where Plaintiff is domiciled. *See* ECF Doc. No. 1, ¶19. Mr. O'Donnell explained in his email that while Plaintiff submitted a voter registration application to the City of Nashua on June 11, 2026, he would not be a registered voter until his application is reviewed and approved by the city. *See id.*

5. On Jun 12, 2026, Plaintiff appealed the rejection of his notification to the New Hampshire Ballot Law Commission, pursuant to RSA 665:7. *See* ECF Doc. No. 1, ¶19. After holding a hearing on the matter on June 29, 2026, at which Plaintiff appeared and presented argument, the New Hampshire Ballot Law Commission issued an order affirming the decision to reject Plaintiff's declarations. *See* ECF Doc. No. 6-1, pg. 8.

## STANDARD OF REVIEW

6. When considering an objection to a magistrate judge's report and recommendation, "[t]he court conducts a de novo review of those portions of the magistrate judge's report and recommendation to which a timely objection has been filed." *Towle v. Warden, N.H. State Prison*, 2026 U.S. Dist. LEXIS 172843, *2 (D.N.H. August 4, 2026) (citing 28 U.S.C. § 636(b)(1)). After review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Warner v. McLaughlin*, 2016 U.S. Dist. 117353, *3 (D.N.H. August 30, 2016) (citing 28 U.S.C. § 636(b)(1)).

7. It is well-recognized that "[a] preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *US Ghost Adventures, LLC v. Miss Lizzie's Coffee LLC*, 121 F.4th 339, 347 (1st Cir. 2024) (quoting *Peoples Fed. Sav. Bank. V. People's United Bank*, 627 F.3d 1, 8-9 (1st Cir. 2012). Before the Court can impose such a remedy, the Court must consider: (1) the Plaintiff's "likelihood of success on the merits"; (2) whether the Plaintiff would "suffer irreparable harm in the absence of" preliminary relief; (3) and the balance of hardships between the parties. *Ryan v. United States Immigration & Customs Enf't*, 974 F.3d 9, 11-12 (1st Cir. 2020). Additionally, preliminary relief still may not be warranted if it would adversely affect the public interest. *See Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 85 (1st Cir. 2022). The Plaintiff's likelihood of success on the merits and the potential for irreparable harm are the two most important factors for the Court to consider. *See Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75, 79 (1st Cir. 2009).

8. When a party demands mandatory provisional relief that alters rather than preserves the status quo, the circumstances must be especially exigent to warrant this even more extraordinary form of provisional relief. *See Braintree Laboratories, Inc. v. Citigroup Global*

*Markets Inc.*, 622 F.3d 36, 41 (1st Cir. 2010) ("Because a mandatory preliminary injunction alters rather than preserves the status quo, it normally should be granted only in those circumstances when the exigencies of the situation demand such relief" (quotation omitted)).

**ARGUMENT**

I. Likelihood of Success

9. When considering whether to issue a preliminary injunction, "[t]he movant's likelihood of success on the merits weighs most heavily in the preliminary injunction calculus." *Ryan v. United States Immigrations & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). It is so essential a consideration that "if the movant cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Id.* (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

10. The magistrate judge erred as Plaintiff is not entitled to a preliminary injunction because he cannot show a likelihood of success on the merits. Plaintiff cannot prevail on his constitutional claims as the State requirements for being added to the ballot do not impose additional qualifications for federal office and because the State registration requirement furthers important electoral interests of the State.

11. The United States Supreme Court has made clear that "the power to add qualifications" needed to be a United States senator "is not reserved to the States" but is instead rests solely in the text of the United States Constitution. *United States Term Limits v. Thornton*, 514 U.S. 779, 800-01 (1995). New Hampshire explicitly codified this Constitutional command in its statutes, listing the only qualifications for United States Senate as those "provided in Article 1, section 3 of the federal constitution." RSA 665:3. New Hampshire law does not add any additional qualifications for an individual to be a United States senator.

12. However, just as the United States Supreme Court made clear that states may not impose additional qualifications for federal office, so, too, did it make clear that states *may* impose additional requirements for a candidate to have their name appear on the ballot. *See Anderson v. Celebrezze*, 460 U.S. 780, 788 n.9 (1983) (states have the "undoubted right" "to require candidates to make a preliminary showing of substantial support for a place on the ballot"); *see also Storer v. Brown*, 415 U.S. 724, 736 (1974) (upholding a California statute that required a candidate to disaffiliate from any political party for one year before being named on the ballot as an independent). The process that Plaintiff complains of, specifically the domicile and registration requirement of RSA 655:17-a, is expressly a process that governs the requirements needed for a candidate to have their name placed on the New Hampshire ballot.

13. Though New Hampshire's domicile and registration requirement is, by its clear text, a regulation governing ballot access, the report and recommendation correctly noted that there are circumstances where ballot-access provisions can be found to violate the qualifications clause. *See* ECF Doc. 12, pg. 9 ("In *Thornton*, the Court considered whether Arkansas's term-limit restriction on ballot access was in fact a qualification in "ballot-access" clothing."). In determining whether a ballot-access restriction violates the qualifications clause, the Supreme Court has made clear that states are "entitled to adopt generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself." *United States Term Limits v. Thornton*, 514 U.S. 779, 834 (1995) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788, n. 9 (1983)). Accordingly, the Supreme Court has "approved of state regulations designed to ensure that elections are fair and honest and…that some sort of order, rather than chaos,…accompanies the democratic processes." *Id.* at 834-35 (quotation omitted). Thus, whether a ballot access provision is constitutional in light of the qualifications clause turns on

whether the restriction furthers the legitimate state goals laid out by the Supreme Court in *Thornton*. The New Hampshire registration and domicile requirements do further those interests.

14. The registration requirement at issue is valid and consistent with the principles of *Thornton* as it is a restriction that promotes order and protects the integrity of New Hampshire elections by preventing candidates from playing games with the State's elections. The period for candidates to declare their nominations to run in a primary or to be a third-party candidate in the general election runs from June 3 to June 12. RSA 655:14. The Nashua Board of Registrars, as with other supervisors of voter registration lists, met the evening of June 2, which ensured any interested candidates were able to register up to the night before the filing period begins.

15. This requirement ensures that candidates are prevented from waiting-and-seeing what other candidates declare to run in which seat and then deciding whether and where to run based on the choices other candidates who already registered and declared their intentions. For example, without the registration requirement, a candidate with homes in multiple locations could wait to see who declares to run in primaries or in the general election and then choose where to run based on those declarations, choosing to run in the race with the fewest other candidates (thereby increasing their chance at election). Such political gamesmanship cuts against a fair and honest elections and invites a chaotic declaration period where all candidates wait until the last moments of the filing period to file their notifications, rather than avail themselves of the eleven-day period contemplated by statute. Similarly, the restriction helps prevent a candidate who would run for no reason other than to damage another candidate who declares their intention to run during the filing period, a goal that has been recognized and approved by the Supreme Court. *See Storer v. Brown*, 415 U.S. 724, 733-35 (1974) (ruling in favor of a state restriction that is "a substantial barrier to a party fielding an 'independent'

candidate to capture and bleed off votes in the general election that might well go to another party" as "a State has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidates").

16. Because the New Hampshire statute at issue is a ballot-access regulation and because it furthers the State interests articulated in *Thornton*, it violates neither the Qualifications Clauses nor the First and Fourteenth Amendments. Accordingly, the Court should not adopt the report and recommendation and should instead deny Plaintiff's motion for a preliminary injunction.

II. Balance of Equities and Public Interest

17. Even assuming Plaintiff has demonstrated that he would suffer irreparable harm absent an injunction, he has still failed to meet his burden under the third and fourth preliminary injunction factors. When considering whether the factors of a preliminary injunction have been met, the "balancing of the equities and the analysis of the public interest [are considered] together, as they merge when the government is the opposing party." *Doe v. Mills*, 16 F.4th 20, 37 (1st Cir. 2021) (internal quotation omitted). Here, Plaintiff seeks to prevent the State from enforcing the provisions of state law requiring candidates to register to vote in the place of their domicile and declare such registration. As explained above, there is a recognized public interest in "ensur[ing] that elections are fair and honest and that some sort of order, rather than chaos,…accompanies the democratic processes." *Thornton*, 414 U.S. at 834 (quoting *Anderson*, 460 U.S. 788 n.9). Moreover, "any time a [government] is enjoined by a court from effectuating statutes enacted by the representatives of its people, it suffers a form of irreparable injury." *Dist. 4 Lodge of the Int'l Ass'n of Machinists 7 Aero Workers Local Lodge 207 v. Raimondo*, 18 F.4th 38, 47 (1st Cir. 2021) (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in

chambers)). These public interests outweigh any individual interest Plaintiff has on being on the ballot.

CONCLUSION

18. Because Plaintiff cannot succeed on the merits of his constitutional claims and because the balance of equities and public interest favor Defendant, Plaintiff's request for preliminary injunctive relief must be denied.

WHEREFORE, the Defendants respectfully requests that this Honorable Court:

A. Deny Plaintiff's June 30, 2026 Request for a Preliminary Injunction;

B. Grant such further relief as the court deems just and equitable.

Respectfully submitted,

New Hampshire Secretary of State David M. Scanlan

By and through his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: August 20, 2026

*<u>/s/ Peter M. MacKenna</u>*
Peter M. MacKenna, Bar #269543
Assistant Attorney General
N.H. Department of Justice (Civil Bureau)
1 Granite Place - South
Concord, NH 03301
603-271-3650
peter.m.mackenna@doj.nh.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this day a copy of the foregoing was served to parties of record via the Court's electronic filing system.

*<u>/s/ Peter M. MacKenna</u>*
Peter M. MacKenna