UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Aaron R. Day

v. Civil No. 26-cv-499-LM-AJ

NH Secretary of State

**O R D E R**

After due consideration of the objection filed (doc. no. 13), I approve the Report and Recommendation (R&R) of Magistrate Judge Andrea K. Johnstone dated August 13, 2026 (doc. no. 12). I agree that Plaintiff Aaron R. Day has shown a likelihood of success on his claim that RSA 655:17-a's voter registration and pre-election domiciliary requirements for United States Senate candidates violate the Qualifications Clause of the United States Constitution and the United States Supreme Court's interpretation of that Clause in U.S. Term Limits v. Thornton, 514 U.S. 779 (1995). See U.S. Const. Art. I, Sec. 2, Cl. 3.

Although states undoubtedly have the authority to regulate the time, place, and manner of federal elections by imposing procedural requirements on ballot access (like filing fees and deadlines) and by conditioning ballot access on a threshold showing of electoral support, Thornton, 514 U.S. at 834-35, states do not have the power to impose extraconstitutional, substantive restrictions on ballot access that pertain to characteristics personal to the candidate (such as district residency requirements, voter registration requirements, and clean-criminal-record

requirements). Id. at 798-99; see also Campbell v. Davidson, 233 F.3d 1229, 1235 (10th Cir. 2000) (holding that a voter-registration requirement "is a substantive requirement that impermissibly imposes qualifications upon would-be candidates"); Schaefer v. Townsend, 215 F.3d 1031, 1038-39 (9th Cir. 2000) (same); Tex. Democratic Party v. Benkiser, 459 F.3d 582, 589 (5th Cir. 2006) ("When [the defendant] concluded that [the candidate's] residency in Virginia made him ineligible [for the Texas congressional ballot], she unconstitutionally created a pre-election inhabitancy requirement."). Here, the R&R correctly concludes that Day is likely to succeed on the merits of his claim that RSA 655:17-a's voter registration and pre-election domiciliary requirements create substantive criteria for Senate candidacy in contravention of the Qualifications Clause, Thornton, and its progeny.

The R&R is approved in full. Day's motion for a preliminary injunction (doc. no. 6) is granted. The New Hampshire Secretary of State is ordered to accept Day's Declaration of Intent and include him on the ballot if he is otherwise eligible.

SO ORDERED.

______________________________
Landya McCafferty
United States District Judge

August 31, 2026

cc: Counsel of Record