**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| Aaron Ross Day | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:26-CV-00499-LM-AJ |
| | * | |
| David M. Scanlan (Official Capacity), | * | |
| | * | |
| Defendants. | * | |
| | * | |

## DEFENDANT'S MOTION TO DISMISS

The Defendant, New Hampshire Secretary of State David M. Scanlan, by and through his counsel, the New Hampshire Office of the Attorney General, hereby moves to dismiss Plaintiff Aaron Ross Day's complaint in its entirety, as the complaint is now moot. In support of that argument, Defendant states as follows:

### FACTS

1. On June 10, 2026, Plaintiff submitted a Declaration of Intent for United States Senate to the Secretary of State's office, seeking to get his name on the ballot for the November 2026 election. *See* ECF Doc. No. 1, ¶14. On June 11, 2026, Deputy Secretary of State Brendan A. O'Donnell notified Plaintiff by email that his declaration was rejected for not conforming with RSA 655:17-a because Plaintiff was not registered to vote in Nashua Ward 3, where Plaintiff is domiciled. *See* ECF Doc. No. 1, ¶15

2. On June 11, 2026, after receiving the e-mail from Brendan O'Donnell, Plaintiff submitted a voter registration application to the City of Nashua. *See* ECF Doc. No. 1, ¶17. On June 12, 2026, Plaintiff submitted a second Declaration of Intent form to the Secretary of State's

office. Later that day, June 12, 2026, Deputy Secretary of State Brendan A. O'Donnell emailed Plaintiff and again informed him that his declaration was rejected for not conforming with RSA 655:17-a because he is not a registered voter in Nashua Ward 3, where Plaintiff is domiciled. *See* ECF Doc. No. 1, ¶19. Mr. O'Donnell explained in his email that while Plaintiff submitted a voter registration application to the City of Nashua on June 11, 2026, he would not be a registered voter until his application is reviewed and approved by the city. *See id*.

3. After an unsuccessful appeal to the New Hampshire Ballot Law Commission, Plaintiff filed the instant complaint in this Court on June 16, 2026. *See id.* On June 30, 2026, Plaintiff filed a motion for a preliminary injunction asking this Court to order Defendant to "accept and docket [his] June 12, 2026 Declaration of Intent for United States Senator as timely filed, and to process his candidacy and nomination papers on equal terms with all other candidates." ECF Doc. No. 6, pg. 2. Plaintiff further asked that this Court "[e]njoin Defendant from excluding Plaintiff from the nomination-papers process or the general election ballot on the basis of the registered-voter requirement of RSA 655:17-a.". *Id*.

4. On July 15, 2026, a hearing on Plaintiff's request for a preliminary injunction was held before this Court. On August 13, 2026, this Court issued a report and recommendation that recommended granting Plaintiff's request for an injunction. See ECF Doc. No. 12. That report and recommendation was approved on August 31, 2026, and Defendant was ordered "to accept [Plaintiff's] Declaration of Intent and include him on the ballot if he is otherwise eligible." ECF Doc. No. 17.

5. As Plaintiff noted in an August 31, 2026 motion to this Court, New Hampshire statute required Plaintiff to submit his certified nomination papers, including his accepted declaration of intent, to the New Hampshire Secretary of State by September 2, 2026. *See* ECF

Doc. No. 15, pg. 2; RSA 655:43, (I). Plaintiff informed the Court in that motion that he was prepared to submit his certified nomination papers by the September 2nd deadline provided the Court ruled on his motion for a preliminary injunction prior to that deadline. *See id*. However, though the Court granted Plaintiff's motion for a preliminary injunction before the September 2nd deadline, Plaintiff did not submit his certified nomination papers to the Secretary of State's office by the September 2nd deadline. Accordingly, Plaintiff is not on the general election ballot.

**STANDARD OF REVIEW**

6. It is well-established under the U.S. Constitution that "[f]ederal judges decide only *live* controversies that will have a real effect on real parties in interest." *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021) (citing U.S. CONST. art. III, §1-2) (emphasis in original). For a claim or controversy to be live, "an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed." *Lowe v. Gagné-Holmes*, 126 F.4th 747, 755 (1st Cir. 2025) (quoting *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003)). Thus, if an actual controversy no longer exists between the parties, "the mootness doctrine generally stops [federal courts] from pumping new life into the dispute…by ousting the federal courts of jurisdiction and requiring [them] to dismiss the case." *Grant v. Trial Ct.*, 183 F.4th 29, 36 (1st Cir. 2026) (internal quotation omitted).

7. When considering whether a case is moot, "the key question" is whether "the relief sought, if granted, make a difference to the parties' legal interests." *Id*. Citing *Boston Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021). If the answer is that "the relief wouldn't make a difference…that means [the federal court] [is not] deciding a live case or controversy" and is "exceeding [its] constitutional mandate if [the court] does anything other than dismiss" the case. *Id.*

8. In this case, Plaintiff asks for four different forms of relief: (1) a declaratory judgement that the registered-voter requirement in RSA 655:17-a is unconstitutional as applied to candidates for United States Senator; (2) an injunction directing the Secretary of State to accept Plaintiff's June 12, 2026 Declaration of Intent and to process his candidacy and nomination papers on equal terms with all other candidates; (3) an injunction preventing the Secretary of State from rejecting Plaintiff's nomination papers or excluding him from the general election ballot on the basis of the registered-voter requirement; (4) an award of costs. *See* ECF Doc. No. 1, pgs. 9-10. Two of those requests have already been resolved.

9. The Secretary of State has, pursuant to the Court's order granting Plaintiff's request for a preliminary injunction, accepted Plaintiff's Declaration of Intent and processed it consistent with other candidates. Thus, any further ruling on that issue would have no effect on Plaintiff's legal interests because the requested relief has already been granted. Further, the Secretary of State has not rejected Plaintiff's nomination papers or excluded him from the November 3, 2026 general election ballot on the basis that his declaration of intent did not conform to RSA 655:17-a because Plaintiff was not a registered voter. As noted, Plaintiff is not on the November 3rd general election ballot because he did not submit his nomination papers by the September 2nd deadline or any date thereafter. Because he did not submit his nomination papers for the November 3rd general election, he no longer has a legal interest in how those papers would have been processed. As preliminary injunctive relief and Plaintiff's decision to not submit nomination papers has resolved two of Plaintiff's four requests, only his requests for declaratory relief and for an award of costs are potentially remaining.

10. For a request for declaratory relief to survive a mootness challenge, the plaintiff "must show that there is a substantial controversy of sufficient immediacy and reality to warrant

the issuance of a declaratory judgement." *Town of Portsmouth v. Lewis*, 813 F.3d 54, 59 (1st Cir. 2016) (quoting *ACLU of Mass. v. U.S. Conf. of Catholic Bishops*, 705 F.3d 44, 54 (1st Cir. 2013). In this case, the controversy is now neither sufficiently immediate nor real. The next election for senate in New Hampshire after the November 3rd election is more than two years away. Plaintiff has expressed no intention to run for senate though, if he did, he is unlikely to be impacted by the registration requirement as Plaintiff is now registered to vote in Nashua.

11. Though requests for declaratory relief generally require sufficient immediacy and reality to defeat a challenge of mootness, otherwise moot cases may still be heard by the Court when the harms complained of are "capable of repetition yet evading review." *See Libertarian Party of N.H. v. Gardner*, 843 F.3d 20, 24 (1st Cir. 2016) (applying the "capable of repetition yet evading review" exception to an otherwise moot election case). Though "the exception has been applied frequently in election-related cases…not every election case fits within its four corners." *Barr v. Galvin*, 626 F.3d 99, 105 (1st Cir. 2010). For the exception to apply, two factors must be met: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that <u>the same complaining party</u> will be subject to the same action again." *Id*. (quoting *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)) (emphasis added).

12. The capable-of-repetition-yet-evading-review exception does not apply in this case because there is no reasonable expectation that Plaintiff will be barred from the ballot over the registration requirement in the future. Firstly, there has been no indication by Plaintiff that he intends to run for senate in New Hampshire in the future, a showing that is commonly required in election cases to satisfy the second prong of the test. *See Libertarian Party of N.H. v. Gardner*, 843 F.3d 20, 24 (1st Cir. 2016) (finding that the NH Libertarian Party was likely to face same

restriction in future election because they have a demonstrated history of seeking access to the ballot); *see also Gill v. Gavin*, 2017 U.S. Dist. LEXIS 76491, *9-10 (D. Mass. May 19, 2017) (applying exception because candidate indicated that they planned to run in future election); *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021) (exception does not apply because Plaintiff "has not indicated whether he intends to run as an Independent" in future elections). Here, like the plaintiff in *Whitfield* and unlike the plaintiffs in *Libertarian Party of N.H.* and *Gill*, Plaintiff has not stated that he intends to run for senate in a future senate race in New Hampshire. Quite the opposite, Plaintiff abandoned his attempt to run for senate this year even after this Court awarded him his requested injunction that enabled him to pursue election to the senate. Plaintiff's lack of stated intention to run for senate in New Hampshire in the future coupled with his demonstrated history of abandoning his most recent bid for senate shows that there is no reasonable expectation he will be subject to the same regulation at some point in the future.

13. Furthermore, Plaintiff is not likely to be blocked from the ballot for United States Senator in the future because he is now a registered voter in the State of New Hampshire. For Plaintiff to be subject to the same action in the future, he would not only need to run for United States Senate in New Hampshire (something he has expressed no intention to do) but he would need to cease being a registered voter in New Hampshire in the interim, which he has also expressed no intention to do. The second prong of the capable-of-repetition-yet-evading-review exception to mootness requires a "reasonable expectation" or "demonstrated probability" that the plaintiff will be subject to the same action going forward, not simply a "mere physical or theoretical possibility." *Transmart, Inc. v. Transtar Indus.*, 2007 U.S. Dist. LEXIS 109602, *5 (D. P.R. March 13, 2007) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). There is presently nothing more than a mere theoretical or physical possibility that Plaintiff would de-

register to vote in New Hampshire and then run for United States Senate, as Plaintiff has expressed no intent or desire to do either. *See Red Wine & Blue v. Larose*, 2026 U.S. App. LEXIS 29415, *17 (6th Cir. 2026) (finding the plaintiffs' challenges to the voter registration requirement are not capable of repetition because the plaintiffs' successfully registered to vote); *Harris v. Univ. of Mass. Lowell*, 43 F.4th 187, 195 (1st Cir. 2022) (the "perhaps conceivable" possibility that students could later return to a school they left is not sufficient to show "reasonable expectation" of the harm repeating). Accordingly, because Plaintiff has not shown a "reasonable expectation" that he is likely to run for senate in the future and de-register to vote in the interim, the mootness argument cannot be overcome and the complaint must be dismissed.

14. Regarding Plaintiff's claim for costs, that must also be dismissed because "it is well-established" that a claim for costs "cannot rescue [a plaintiff's] mooted equitable claim[] from dismissal." *See e.g. Harris*, 43 F.4th at 193. Because all of Plaintiff's other claims are moot, the claim for costs does not rescue the complaint from a challenge of mootness and, accordingly, the complaint must be dismissed.

CONCLUSION

15. Because there no longer exists a live case or controversy between Plaintiff and Defendant and because there is no reasonable expectation that the challenged conduct will repeat for Plaintiff, the complaint is moot and must be dismissed.

WHEREFORE, the Defendants respectfully requests that this Honorable Court:

A. Dismiss Plaintiff's complaint in its entirety; and

B. Grant such further relief as the court deems just and equitable.

Respectfully submitted,

New Hampshire Secretary of State David M. Scanlan

By and through his attorney,

THE OFFICE OF THE ATTORNEY GENERAL

Dated: November 2, 2026

/s/ Peter M. MacKenna
Peter M. MacKenna, Bar #269543
Assistant Attorney General
N.H. Department of Justice (Civil Bureau)
1 Granite Place - South
Concord, NH 03301
603-271-3650
peter.m.mackenna@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a copy of the foregoing was served to parties of record via the Court's electronic filing system.

/s/ Peter M. MacKenna
Peter M. MacKenna